NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH R. DAY,<br><br>        Plaintiff,<br><br>v.<br><br>Ronald Bambo, et al.,<br><br>        Defendants. | Civil No.: 99-4055 (JLL)<br><br><br><br>OPINION |

**LINARES**, District Judge.

This matter has come before the Court on a Motion for Summary Judgment jointly filed by Defendants Ronald Bambo, Brian Flaherty, Richard Laverty, William Casey, and the New Jersey State Police. In opposition to the motion, Plaintiff filed a one page letter stating "the same facts exist when case was initially filed . . . facts hasn't [sic] changed since case was re-opened." (Doc. Entry No. 67). The Court must consider the motion in light of Plaintiff's pro se status. Haines v. Kerner, 404 U.S. 519, 520 (1972). Accordingly, the Court has considered Plaintiff's complaint for the purpose of determining whether any genuine issue of material fact exists sufficient to defeat Defendant's motion for summary judgment. See Bond v. Philadelphia Bd. of Educ., 1990 WL 76462, *1 (E.D.Pa.1990). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motions are granted.

### FACTUAL BACKGROUND

The following facts are undisputed, unless otherwise noted. On February 16, 1998, "Plaintiff was involved in a lengthy vehicle chase with state and local police." (Def.'s Br., at 3). This vehicle "was involved in collisions with at least four separate vehicles," (Id., at 1), and the

driver of the vehicle "failed to pull over as directed and led the police on a chase through several different municipalities." (Compl., ¶ 16). During the course of the chase, the driver of the vehicle struck two state police vehicles. (Def.'s Br., at 4-5). After the vehicle finally stopped, Defendant Flaherty broke the window with his weapon, and Defendants pulled Plaintiff from the vehicle, placed him on the ground, and arrested him. (Id., at 5).

Plaintiff claims that Otis Mitchell—the other occupant of the vehicle arrested at the scene—was the driver of the vehicle, and that Mitchell made statements to that effect to the police. (Compl., ¶¶ 16, 17 & 20). Plaintiff claims further that Mitchell was only charged with resisting arrest, while Plaintiff was charged with aggravated assault and other charges as the driver of the vehicle that hit Defendants' vehicles. (Compl., ¶¶ 19, 20). According to Defendants, however, Plaintiff was, in fact, the driver of the vehicle. (See, e.g., Def.'s Br., Ex. C, at 2).

Plaintiff also alleges that Defendants, in restraining him, used "excessive force and brutality," causing injuries to him. (Compl., ¶ 21). Plaintiff further alleges that defendants "took turns beating and kicking" him "while he was handcuffed and laying" on the ground. (Id., ¶ 22). Plaintiff maintains that he posed no threat to himself or others at any time, and did not resist arrest. (Id., ¶ 25). Plaintiff also alleges that he was not offered medical treatment by Defendants, at any point during the arrest. (Id., ¶ 24). Plaintiff further claims that he required surgery for his injuries "and it took an extra ordinary time period for him to have the much need surgery while incarcerated" [sic]. (Id., ¶ 27).

According to Defendants, however, "there is no evidence in the record that can sustain Plaintiff's claims" of excessive force. (Def.'s Br., at 2). Furthermore, according to Defendants, Plaintiff tested positive for several illegal narcotics and repeatedly resisted arrest. (Id., at 5). Plaintiff concedes that he was under the influence of both alcohol and illegal narcotics at the time of his arrest and he "vaguely recall[s] what happened." (Def.'s Br., Ex. D., at 41 & 35).

Count one alleges violations of 42 U.S.C. §§ 1981, 1983, and 1988 against each defendant. Count two alleges that each defendant committed assault and battery. Count three alleges that each defendant falsely and illegally imprisoned Plaintiff. Count four alleges that the N.J. State Police are liable under 42 U.S.C. § 1983 for failure to train and supervise the N.J. State Troopers.

**LEGAL STANDARD**

A court shall grant summary judgment under Rule 59(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact and may not simply rely on unsupported assertions, bare allegations, or speculation. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Also, the Court must consider all facts presented and the reasonable inferences drawn from them in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

**DISCUSSION**

**I.    Count I**

Count I is leveled against all defendants for violations of 42 U.S.C. §§ 1981, 1983, and 1988. Defendants move for summary judgment with respect to Sections 1981 and 1983.

**a.   Plaintiff's Section 1981 Claim Fails**

Section 1981 reads as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. Courts interpret Section 1981 as requiring proof of four elements: (1) the plaintiff is a racial minority, (2) the defendant discriminated against the plaintiff, (3) the defendant intended to discriminate on the basis of race, and (4) the discrimination concerned an

activity enumerated in the statute. White v. Williams, 179 F.Supp.2d 405, 420 (D.N.J. 2002).

Here, even under the relaxed pro se standard of review and when construing the facts in the light most favorable to Plaintiff there is nothing in either the complaint, or the record as a whole from which a juror could find that any defendant intended to discriminate on the basis of race. Accordingly, Defendants' motions for summary judgment with respect to Section 1981 are GRANTED. Such claims are dismissed with prejudice.

### b. Plaintiff's Section 1983 Claim Fails.

The Court construes Count One as alleging that the New Jersey State Police and the individual troopers in their official capacities violated Section 1983. The Court finds that the State Police and Defendants named in their official capacities, Bambo, Flaherty, Laverty and Casey, are entitled to Eleventh Amendment immunity. The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

Thus, Plaintiff's claims against the State Police and the individual officers in their official capacities are barred by the Eleventh Amendment and are therefore **dismissed** with prejudice.

### II. Count II- Fourth Amendment Excessive Force

The Court construes Count Two as a Section 1983 claim for violation of Plaintiff's Fourth Amendment right to be free from excessive force. The Court construes this claim as being leveled against the defendants in their individual capacities. Claims that a law enforcement officer has used excessive force during an arrest, investigatory stop, or other 'seizure' are analyzed under the Fourth Amendment objective reasonableness standard." Graham v. Connor, 490 U.S. 386 (1989). Under the Fourth Amendment, force is not excessive if the amount of force used was objectively reasonable given the particular situation. Graham, 490 U.S. at 397. "Reasonableness is judged on the totality of the circumstances, including the seriousness

of the crime, the safety threat posed by the suspect, the suspect's attempts to resist arrest or to evade it by flight." James v. York County Police Dept., No. 05-2852, 2005 U.S.App. LEXIS 26876, *17-18 (3d Cir. Dec. 8, 2005) (citing Graham, 490 U.S. at 396). Additionally, the reasonableness is judged from the perspective of the officer on the scene, not with 20/20 hindsight. Graham, 490 U.S. at 396. Fourth Amendment inquiry is one of "objective reasonableness" under the circumstances. Id. at 399.

Here, Plaintiff alleges that he sustained injuries after being pulled from the vehicle and kicked and punched by the officers. However, Plaintiff has failed to carry his burden to present evidence that a genuine issue of material fact compels a trial as he relies on unsupported assertions and speculation. Plaintiff has failed to present medical evidence that his alleged injuries were the result of the officers' actions, rather than a result of the collisions experienced during the pursuit. Plaintiff may not rely on this unsupported assertion to establish that a genuine issue of fact compels trial. Furthermore, by Plaintiff's own admission he cannot recall the events of the time in question.[1] Moreover, any recollection that Plaintiff may have is compromised by his admission that he was under the influence of alcohol and drugs at the time in question.[2] As such, the Court finds that Plaintiff's account of the events amounts to mere speculation. Plaintiff's unsupported allegations concerning his injuries and his speculative account of the event cannot defeat Defendants' motions for summary judgment with respect to Plaintiff's excessive force claim under the Fourth Amendment. As such Defendants' motions are **GRANTED** and such claims are dismissed with prejudice.

### III. Count III – False Imprisonment

New Jersey courts treat the torts of false imprisonment and false arrest alike. See Price v. Phillips, 90 N.J.Super. 480, 484 (App. Div.1966). The tort consists of two elements: "(1) an arrest or detention of the person against his will; (2) done without proper legal authority or 'legal justification.'" Fleming v. UPS, Inc., 255 N.J.Super. 108, 155 (App. Div. 1992). When a plaintiff

---

[1] See Plaintiff's Deposition dated April 16, 2001 at pp. 44-45( Q: So aside from the recollection that you've got about who the involved officers were based on the report, you don't have any personal recollection as to which officers did what to you? Is that what you're telling me? A: Not personal recollection.).

[2] Id. at p. 42 (Q: So at the time of the incident you were on downers and alcohol? A: Yes. Q: What downers were you on? A: Heroin, codeine, Valium, unlimited amount of alcohol.).

pursues a claim for false imprisonment pursuant to Section 1983, such claim is typically grounded in the protections provided by the Fourteenth Amendment. To succeed, a plaintiff must demonstrate that his liberty interests were violated without due process of law. Baker v. McCollan, 443 U.S. 137, 145 (1979). The Supreme Court cautions however, that Section 1983 does not impose liability "for violations of duties of care arising out of tort law." Id. at 146. Significantly, the Baker Court cautioned that "false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." Id.

Here, Plaintiffs' false imprisonment claims reads as one based in state tort law. The claims make no mention of Plaintiffs' constitutional rights or of any deprivation of due process of law. As the Baker Court noted, just because a defendant is a state official does not mean that a claim for false imprisonment sounds in the Fourteenth Amendment, giving rise to a Section 1983 claim. Id. Based upon the lack of specificity in the claim language, Plaintiffs' available remedy via New Jersey tort law, and the cautionary language of the Baker Court, this Court determines that Claim Three states a claim for false imprisonment solely under New Jersey state law.

However, since Plaintiff is *pro se* the Court will also analyze Claim three under Section 1983. The Court construes Claim Three as being brought against the defendants in their individual capacities. It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under Section 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir.1989). To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir.1988). Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause. Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir.1997) (a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975). "Probable cause ... requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir.1995). Rather, probable cause exists when the facts and circumstances are "sufficient

6

to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)).

Here, the parties concede that there was a seizure the Court need only address the second prong of the analysis. Under the facts of this case, the Court determines that even when viewing the facts in the light most favorable to Plaintiff, there is no question of fact regarding probable cause. Plaintiff concedes that the car he was traveling in failed to pull over and the driver of the car led police on a chase through seven municipalities. (Compl. ¶ 16). The Court finds that these facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein, 420 U.S. at 111. Therefore, Plaintiff's motion for summary judgment regarding Count Three is **granted** and such claims are dismissed with prejudice

### IV.  Count IV – Section 1983 Failure to Train

As stated above, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Therefore, Count IV of Plaintiff's complaint is **dismissed** with prejudice.

/s/ Jose L. Linares
United States District Judge

DATED: April 5, 2010

7